**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CEMAYLA, LLC DBA FOUNDRAE,<br><br>       Plaintiff,<br><br>vs.<br><br>PANDORA JEWELRY LLC AND PANDORA A/S,<br><br>       Defendants. | CASE NO. 1:26-cv-01331-CM |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PANDORA JEWELRY LLC AND PANDORA A/S'S MOTION TO DISMISS COMPLAINT</u>

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     FACTUAL ALLEGATIONS ....................................................................................... 2

III.    ARGUMENT ................................................................................................................ 3

        A.      Legal Standard ................................................................................................. 3

        B.      Foundrae Fails to State a Claim for Copyright Infringement
                Against Pandora. ............................................................................................. 5

                1.      Foundrae Cannot State a Claim for Copyright
                        Infringement of Designs that Consist of Unprotectible
                        Elements Existing in the Public Domain. ............................................ 7

                2.      The Remaining Elements of the Foundrae Medallions and
                        Pandora Charms Are Not Substantially Similar, and
                        Certainly Not Virtually Identical. ...................................................... 11

        C.      The Complaint Should Be Dismissed with Prejudice. .................................... 14

IV.     CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron Basha Corp. v. Felix B. Vollman, Inc.*,
88 F. Supp. 2d 226 (S.D.N.Y. 2000)................................................................7, 8, 11

*Abdin v. CBS Broad., Inc.*,
971 F.3d 57 (2d Cir. 2020)...............................................................................6

*Adams v. Warner Bros. Pictures Network*,
No. 05 CV 5211 (SLT) (LB), 2007 U.S. Dist. LEXIS 47448 (E.D.N.Y. June
29, 2007) ............................................................................................5, 6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................................3, 4

*Beaudin v. Ben & Jerry's Homemade, Inc.*,
95 F.3d 1 (2d Cir. 1996)...........................................................................6, 9, 11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................3, 4

*Bill Diodato Photography, LLC v. Kate Spade, LLC*,
388 F. Supp. 2d 382 (S.D.N.Y. 2005).............................................................6

*Boisson v. Banian, Ltd.*,
273 F.3d 262 (2d Cir. 2001).........................................................................6, 7

*Buckman v. Citicorp*,
No. 95 Civ. 0773 (MBM), 1996 U.S. Dist. LEXIS 891 (S.D.N.Y. Jan. 29,
1996) ..................................................................................................5

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
11 F. Supp. 3d 317 (E.D.N.Y. 2014) ...............................................................4

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)........................................................................4

*Coalition for a Level Playing Field, L.L.C. v. AutoZone, Inc.*,
737 F. Supp. 2d 194 (S.D.N.Y. 2010)..............................................................4

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
982 F.2d 693 (2d Cir. 1992)........................................................................6, 11

*DBC of N.Y., Inc. v. Merit Diamond Corp.*,
768 F. Supp. 414 (S.D.N.Y. 1991) .................................................................7, 9

*Dean v. Cameron*,
    53 F. Supp. 3d 641 (S.D.N.Y. 2014)................................................................7, 9, 10, 14

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010)........................................................................................4

*Doron Precision Sys., Inc. v. FAAC, Inc.*,
    423 F. Supp. 2d 173 (S.D.N.Y. 2006).........................................................................10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991)....................................................................................................7

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
    590 F. Supp. 2d 625 (S.D.N.Y. 2008).......................................................................4, 5

*Hamil Am. Inc. v. GFI*,
    193 F.3d 92 (2d Cir. 1999)..........................................................................................5

*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*,
    509 F.2d 64 (2d Cir. 1974).......................................................................................7, 11

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*,
    446 F.2d 738 (9th Cir. 1971) ......................................................................................7

*Judith Ripka Designs, Ltd. v. Preville*,
    935 F. Supp. 237 (S.D.N.Y. 1996) ...........................................................................8, 11

*Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*,
    595 F.3d 86 (2d Cir. 2010)..........................................................................................3

*Perry v. NYSARC, Inc.*,
    424 F. App'x 23 (2d Cir. 2011) ...................................................................................3

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010).....................................................................................4, 5, 7

*Ritani, LLC v. Aghjayan*,
    880 F. Supp. 2d 4253 (S.D.N.Y. 2012).....................................................................8, 11

*SMS Grp. Inc. v. Pharmaaid Corp.*,
    No. 23-CV-1777(EK)(TAM), 2023 U.S. Dist. LEXIS 188284 (E.D.N.Y. Oct.
    19, 2023) ...............................................................................................................6, 11

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015).........................................................................10

*William S. Geiger Corp. v. Gigi Accessories, Inc.*,
    No. 97 CIV. 5034 (JSM), 1997 U.S. Dist. LEXIS 11708 (S.D.N.Y. Aug. 8,
    1997) .................................................................................................................7, 9, 11, 14

*Wolstenholme v. Hirst*,
    271 F. Supp. 3d 625 (S.D.N.Y. 2017)..........................................................7, 8, 10, 15

*Yurman Design, Inc. v. PAJ, Inc.*,
    262 F.3d 101 (2d Cir. 2001).........................................................................5

**Statutes**

17 U.S.C. § 102(b) ....................................................................................................6

37 C.F.R. § 202.1 ....................................................................................................7

**Rules**

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 4

Fed. R. Evid. 201(b)..............................................................................................10

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Pandora Jewelry LLC and Pandora A/S (together, "Pandora") submit this memorandum of law in support of their motion to dismiss Plaintiff Cemayla LLC d/b/a Foundrae's ("Foundrae") Complaint.

## I.    <u>INTRODUCTION</u>

Foundrae seeks an improper monopoly over commonplace designs depicting the sun and moon in one instance, and crossed arrows, in another instance. Copyright law, however, has important safeguards that preclude such a result, including the exclusion of ideas (as opposed to expression) and material in the public domain from the scope of copyright protection. These protections ensure that artists, companies, and brands alike are free to explore their own artistic creativity.

Pandora is an established, globally recognized jewelry brand offering accessible, high-quality jewelry to a wide consumer base. Foundrae is newer to the jewelry industry, touting itself as making jewelry with "symbolic meaning" that "tell[s] a story." (Compl. ¶ 1.) Foundrae alleges that certain pendant charm necklaces sold by Pandora allegedly infringe Foundrae's copyrights in two of its "medallion" pendant necklace designs. But even a cursory glance at Foundrae's medallions and Pandora's pendants, depicted in the Complaint, makes clear that Pandora's accused products are not substantially similar to Foundrae's medallions. The only arguable similarities between the parties' products are the use of common symbols—namely, the sun and moon and crossed arrows—that have existed in the public domain for ages, and in the case of the sun and moon, since the beginning of time. No person or company has the right to monopolize such basic design concepts or works in the public domain.

After filtering out the unprotectible elements, Pandora's designs are not sufficiently similar to any remaining protectible element of Foundrae's works to establish infringement as a matter of law. Foundrae's Complaint should be dismissed with prejudice.

1

## II.    FACTUAL ALLEGATIONS

Foundrae alleges it is a "luxury jewelry brand known for its hand-crafted 'modern heirlooms.'" (Compl. ¶ 1.) Foundrae concedes that its designs are not original; rather, its founder "dr[ew] inspiration from ancient mythology and classical symbolism" and "designed FoundRae's collections to evoke core tenets." (*Id.* ¶ 2.) Foundrae alleges that in August 2025, Pandora released its "Talisman Collection," which it claims "imitated [Foundrae's] aesthetic." (*Id.* ¶¶ 5-6.) Foundrae alleges that two of the pendants in Pandora's "Talisman Collection" ("Pandora Charms") infringe two of Foundrae's copyrighted designs ("Foundrae Medallions"):

| Pandora Charm | Foundrae Medallion |
|---|---|
| | |
| | |

(*Id.* ¶ 6.)[1]

---

[1] Although the Complaint discusses and displays several other Pandora charms, Foundrae does not assert any claims as to those other charms. The Pandora Charms displayed at paragraph 6 are the only Pandora works at issue.

2

Based on these facts, Foundrae asserts a single copyright infringement claim against Pandora. As discussed below, there is no similarity between the protected elements of the Foundrae Medallions and the Pandora Charms, and Foundrae's claim should be dismissed.

### III.    ARGUMENT

#### A.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although well-pleaded allegations are generally accepted as true, an exception exists "for factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice." *Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011) (citations omitted). Moreover, courts do not accept as true "legal conclusions" found in the complaint, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also id.* (complaint must do more than "tender[] naked assertion[s] devoid of further factual enhancement") (internal quotation marks omitted).

Determining whether a claim is plausible requires the Court to consider whether the well-pleaded facts permit "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 678. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted); *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010). A complaint that pleads facts that are merely consistent with liability is insufficient. *Twombly*, 550 U.S. at 555. Moreover,

3

under the *Iqbal* and *Twombly* standard, "courts may not presume illegality when the 'nub' of a complaint … alleges conduct that is equally capable of being legal." *Coalition for a Level Playing Field, L.L.C. v. AutoZone, Inc.*, 737 F. Supp. 2d 194, 214 (S.D.N.Y. 2010) (citing *Iqbal*, 556 U.S. at 678, 680). Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

For purposes of a Rule 12(b)(6) motion, a the Court may consider: (1) "the facts alleged in the complaint"; (2) documents "attached to the complaint as exhibits" or "incorporated [in it] by reference"; (3) "matters of which judicial notice may be taken"; and (4) "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied upon in bringing suit." *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 326-27 (E.D.N.Y. 2014) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) and *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

As with any other type of claim, courts may dismiss copyright claims at the pleading stage when those claims are deficient on their face, including when there is no substantial similarity. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (affirming dismissal at the pleading stage of copyright infringement claim and holding "where, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation"); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008) ("Courts in this district have dismissed copyright infringement claims on Rule 12(b)(6) motions where no substantial similarity was founded.").

4

**B.**      <u>**Foundrae Fails to State a Claim for Copyright Infringement Against Pandora.**</u>

To establish a claim of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the *protectible* elements of plaintiff's." *Peter F. Gaito Architecture, LLC*, 602 F.3d at 63 (citing *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)) (emphasis added).

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001) (cleaned up). However, "when faced with works that have both protectible and unprotectible elements, [the Court's] analysis must be more discerning, and [it] instead must attempt to extract the unprotectible elements from [its] consideration and ask whether the protectible elements, standing alone, are substantially similar." *Peter F. Gaito Architecture, LLC*, 602 F.3d at 66 (cleaned up); *see also Adams v. Warner Bros. Pictures Network*, No. 05 CV 5211 (SLT) (LB), 2007 U.S. Dist. LEXIS 47448, at *11-12 (E.D.N.Y. June 29, 2007) ("If a work contains both protectible and unprotectible elements, [the Court] must take care to inquire only whether the protectible elements, standing alone, are substantially similar.") (cleaned up). "When similar works resemble each other only in unprotected aspects – for example, when similarities inhere in ideas, which are by definition unprotected, or in expression that is not proprietary to plaintiff – the defendant prevails.'" *Gottlieb Dev. LLC*, 590 F. Supp. 2d at 631; *see also Buckman v. Citicorp*, No. 95 Civ. 0773 (MBM), 1996 U.S. Dist. LEXIS 891, at *10 (S.D.N.Y. Jan. 29, 1996) (granting

ACTIVE 722113175

motion to dismiss copyright infringement claim where "any similarities between [the two works] relate[d] only to non-copyrightable elements").

Ideas, concepts, and the like are not protectible by copyright. 17 U.S.C. § 102(b); *Adams*, 2007 U.S. Dist. LEXIS 47448, at *12 ("It is a principle fundamental to copyright law that a copyright does not protect an idea, but only the expression of an idea."). Materials in the "public domain" are also unprotectible, "which means that [such material] 'is free for the taking and cannot be appropriated by a single author even though it is included in a copyrighted work.'" *Boisson v. Banian, Ltd.*, 273 F.3d 262, 268 (2d Cir. 2001) (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 710 (2d Cir. 1992)). The same is true for *scènes à faire*, which are "incidents, characters, or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." *Abdin v. CBS Broad., Inc.*, 971 F.3d 57, 67 (2d Cir. 2020); *see also Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp. 2d 382, 392 (S.D.N.Y. 2005) ("Under the doctrine of *scènes à faire*, elements of an image that flow naturally and necessarily from the choice of a given concept cannot be claimed as original."). Consequently, in assessing substantial similarity, the Court must determine "whether the similarities shared by the work are something more than mere generalized idea[s] or themes" or material in the public domain. *Adams*, 2007 U.S. Dist. LEXIS 47448, at *12.

Where a work is primarily unprotected (after filtering out all unprotectible elements), it is entitled to only "thin" protection, such that a plaintiff must show that the works are virtually identical to establish infringement. *See, e.g., Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996) ("Where the quantum of originality is slight and the resulting copyright is 'thin,' infringement will be established only by very close copying because the majority of the work is unprotectable."); *SMS Grp. Inc. v. Pharmaaid Corp.*, No. 23-CV-1777(EK)(TAM), 2023 U.S. Dist. LEXIS 188284, at *12-13 (E.D.N.Y. Oct. 19, 2023) (holding plaintiffs unlikely to succeed

6

on merits of copyright claim where defendant's work was not a "verbatim copy[]" of plaintiff's work because plaintiff's work was entitled to "thin copyright protection").

Here, Foundrae does not state a claim for copyright infringement—nor could it. Pandora vigorously denies that it "actually copied" Foundrae's work. *Peter F. Gaito Architecture, LLC*, 602 F.3d at 63. But even assuming such copying-in-fact occurred, Foundrae still fails to state a claim because the Pandora Charms are not *substantially similar* to any protectible elements of the Foundrae Medallions and therefore, the alleged copying is not unlawful.

> **1.    Foundrae Cannot State a Claim for Copyright Infringement of Designs that Consist of Unprotectible Elements Existing in the Public Domain.**

"The mere fact that a work is copyrighted does not mean that every element of the work may be protected. . .copyright protection may extend only to those components of a work that are original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991). As a logical corollary, a defendant does not infringe by copying material from the public domain. *See Boisson*, 273 F.3d at 268. Thus, common symbols or "simple idea[s]" are not protected. *Aaron Basha Corp. v. Felix B. Vollman, Inc.*, 88 F. Supp. 2d 226, 230 (S.D.N.Y. 2000); *see also DBC of N.Y., Inc. v. Merit Diamond Corp.*, 768 F. Supp. 414, 416 (S.D.N.Y. 1991) ("Familiar symbols or designs" are not copyrightable) (citing 37 C.F.R. § 202.1). For example, in the context of jewelry, courts have held that depictions of a "baby shoe pendant" (*Aaron Basha Corp.*, 88 F. Supp. 2d at 230), "jeweled turtle pin" (*Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co.*, 509 F.2d 64, 65 (2d Cir. 1974)), "jeweled bee pin" (*Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738, 742 (9th Cir. 1971)), and pill-inspired jewelry (*Wolstenholme v. Hirst*, 271 F. Supp. 3d 625, 639 (S.D.N.Y. 2017)) are unprotectible. Other "public domain material — including flora, fauna, and other aspects of the natural world — is not protected." *Dean v. Cameron*, 53 F. Supp. 3d 641, 646 (S.D.N.Y. 2014). Geometric shapes are similarly unprotectible. *William S. Geiger Corp. v. Gigi Accessories, Inc.*, No. 97 CIV. 5034 (JSM), 1997 U.S. Dist. LEXIS 11708, at *5 (S.D.N.Y.

ACTIVE 722113175

Aug. 8, 1997) ("Since plaintiff has no right to copyright a rose or a common geometrical shape, defendants['] items do not infringe plaintiff's copyrights.").

Additionally, courts have held that a variety of jewelry components are not entitled to copyright protection. "[D]ecorative features…commonly used throughout the jewelry business," such as "precious metals, gemstones, and enamel[,]" are unprotectible. *Aaron Basha Corp.*, 88 F. Supp. 2d at 230. Similarly, functional elements also are unprotectible, as they are "in common use by many designers of necklaces and bracelets." *Judith Ripka Designs, Ltd. v. Preville*, 935 F. Supp. 237, 247 (S.D.N.Y. 1996) ("use of toggle bar and ring closures and rondels which unscrew and attach to pearls" not protected); *see also Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 442-43 (S.D.N.Y. 2012) (functional ring elements "such as the location of the stone, type of shank [the ring's band], [or] how the prongs hold the main stone" not protected).

Foundrae fails to plausibly allege substantial similarity between any protectible element of the Foundrae Medallions and the Pandora Charms. Rather, any purported similarities are of unprotectible elements only, which "must be excluded under the substantial similarity analysis." *Wolstenholme*, 271 F. Supp. 3d at 638 ("Any similarities in the bracelets and necklaces that stem merely from the fact that they are both pieces of jewelry that incorporate replica pills must be excluded under the substantial similarity analysis.").

For the sun and moon design, the only similarities that Foundrae alleges are that both depict the sun and moon, both use a form of gold and silver metal, and both are in a circular shape (Compl. ¶¶ 31-32):

8

ACTIVE 722113175

| Pandora Charm | Foundrae Medallion |
|:---:|:---:|
| | |

For the arrow design, the only similarities that Foundrae alleges are that both depict crossed arrows, both are a form of gold metal, and both are in a circular shape (Compl. ¶¶ 31-32):

| Pandora Charm | Foundrae Medallion |
|:---:|:---:|
| | |

Each of these elements is unprotectible as a matter of law. Crossed arrows are a common and "familiar symbol[]" and geometric shape that is not entitled to copyright protection. *DBC of N.Y., Inc.*, 768 F. Supp. at 416; *William S. Geiger Corp.*, 1997 U.S. Dist. LEXIS 11708, at *5. Likewise, because the sun and the moon have existed in the "natural world" since the beginning of time, depictions of the same are not protected. *Dean*, 53 F. Supp. 3d at 646; *see Beaudin*, 95 F.3d at 2 (holding cowhide pattern exists in nature and is thus unprotectible). There is no way to depict the sun and moon and crossed arrows other than by displaying the sun and the moon and crossed arrows.

ACTIVE 722113175

Courts in this Circuit have dismissed claims on these bases. For example, in *Dean*, plaintiff alleged that defendants' works depicting "land masses and features such [as] foliage and waterfalls" infringed on its own depictions of the same. *Id.* at 649. The court granted defendants' motion to dismiss, holding that these elements "appear in nature" and thus are in the "public domain and free for the taking." *Id.* Similarly, in *Westholme*, the court dismissed plaintiff's copyright infringement claim where plaintiff alleged that defendant infringed on her pill capsule jewelry, holding that "pill-inspired jewelry" exists in the public domain and is thus "an unprotectable idea." 271 F. Supp. 3d at 638.

Foundrae readily admits on its own website that the designs on the Foundrae Medallions are "[f]ounded on a lexicon of mythological and ***classical symbols***."[2] (*See* Declaration of Nina D. Boyajian ("Boyajian Decl."), Ex. 1 (emphasis added); *see also* Compl. ¶ 1 ("Drawing inspiration from ancient mythology and classical symbolism, Hutchens designed FoundRae's collections to evoke core tenets").) Foundrae's website goes on to discuss the origin of these "mythological and classical symbols," displaying tarot card artwork available in the public domain. (Boyajian Decl., Ex. 2.) In other words, Foundrae itself acknowledges that, by design, the core elements depicted on the Foundrae Medallions are common, exist in nature and the public domain, and are thus not entitled to copyright protection.

Additionally, a simple Google search shows dozens of other companies and artists selling gold and silver medallion style necklaces depicting crossed arrows and the sun and moon. (Boyajian Decl., Ex. 3.) If Foundrae's claims are allowed to proceed, each of these products could

---

[2] "For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and 'it is capable of accurate and ready determination.'" *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (quoting Fed. R. Evid. 201(b)); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (same, and taking judicial notice of "printouts" from various "entities' websites").

ACTIVE 722113175

be considered infringing, and no company would be permitted to create jewelry depicting crossing arrows or the sun and moon. But that is not what the law contemplates. Rather, under established Second Circuit law, Foundrae "cannot, by obtaining a copyright upon one design of [crossed arrows or the sun and moon], exclude all others from manufacturing [necklaces with crossed arrows or the sun and moon] on the ground that they are substantially similar in appearance." *Herbert Rosenthal Jewelry Corp.*, 509 F.2d at 65. These elements exist in the public domain and are thus "free for the taking and cannot be appropriated by a single author even though it is included in a copyrighted work." *Computer Assocs. Int'l, Inc.*, 982 F.2d at 710; *William S. Geiger Corp.*, 1997 U.S. Dist. LEXIS 11708, at *3 ("plaintiff's copyrights give it no right to prevent others from producing jewelry using flowers embedded in resin or from using any particular type of flower.").

Lastly, as discussed, functional and "decorative features" commonly used in jewelry, such as shape and "precious metals," are not protected. *Aaron Basha Corp.*, 88 F. Supp. 2d at 230; *Judith Ripka Designs, Ltd.*, 935 F. Supp. at 247; *Ritani, LLC*, 880 F. Supp. 2d at 442-43. Thus, that the Foundrae Medallions and Pandora Charms are both circular and use gold and silver metals cannot constitute copyright infringement as a matter of law.

      **2.  The Remaining Elements of the Foundrae Medallions and Pandora Charms Are Not Substantially Similar, and Certainly Not Virtually Identical.**

Because the Foundrae Medallions mostly consist of unprotectible elements and are thus entitled to only "thin" protection, Foundrae must show that the protectible elements of the Foundrae Medallions and Pandora Charms are virtually identical to establish infringement. *Beaudin*, 95 F.3d at 2 ("Where the quantum of originality is slight and the resulting copyright is 'thin,' infringement will be established only by very close copying because the majority of the work is unprotectable."); *SMS Grp. Inc.*, 2023 U.S. Dist. LEXIS 188284, at *12-13 (holding plaintiffs unlikely to succeed on merits of copyright claim where defendant's work was not a

ACTIVE 722113175

"verbatim copy[]" of plaintiff's work because plaintiff's work was entitled to "thin copyright protection").

But other than the uncopyrightable elements of shape, color, and common symbols and ideas existing in nature and the public domain, the Foundrae Medallions and Pandora Charms are completely different. With respect to the products with the sun and moon design, the metal of the Foundrae Medallion is smooth, while the Pandora Charm is textured. The gold of the Foundrae Medallion is a paler shade of gold, while the gold of the Pandora Charm is brighter and more yellow. The sun and moon on the Foundrae Medallion include pavé diamonds, while the sun and moon on the Pandora Charm do not. The stars on the Foundrae Medallion are gold, while the stars on the Pandora Charm are silver. The placement and number of the stars are also different on both works, and the Pandora Charm has an additional star symbol with a diamond on it. The moon on the Pandora Charm faces left, while the moon on the Foundrae Medallion faces right. The Foundrae Medallion has a smooth outer edge, while the Pandora Charm has an uneven, jagged outer edge. The rays of the sun on the Pandora Charm are wavy and not all the same length, while the rays of sun on the Foundrae Medallion are straight and equal in length. The center of the sun on the Pandora Charm is significantly smaller than the center of the sun on the Foundrae Medallion. The moon on the Pandora Charm is a thicker half crescent, while the moon on the Foundrae Medallion is a much larger, thinner, and more curved crescent. Finally, the split between silver and gold is different on both works, with the separation on the Foundrae Medallion in a smooth S-curve, and the separation on the Pandora Charm in a jagged, slightly curved line.

12

| **Pandora Charm** | **Foundrae Medallion** |
|---|---|
| | |

The crossed arrows design does not fare better. The Pandora Charm is a textured metal, while the Foundrae Medallion is smooth. The Foundrae Medallion has a notched border around it, while the Pandora Charm does not. The Foundrae Medallion also has small baubles around the border, while the Pandora Charm does not. The arrows on the Foundrae Medallion include pavé diamonds, while the arrows on the Pandora Charm do not. The placement of the arrows on each work is also different, with both arrows on the Foundrae Medallion pointing to the right, while the arrows on the Pandora Charm point in different directions and more upwards. The Foundrae Medallion only includes one star, while the Pandora Charm includes two, along with a small diamond at the top and the added feature of a crescent moon between the bottom half of the arrows. The placement of the stars is also different on both works. Finally, the Pandora Charm has a jagged, worn outline, suggestive of ancient coin artifacts, while the Foundrae Medallion has a smooth, polished outline, with seven symmetrical bulbs resulting in a new, modern appearance.

13

| **Panora Charm** | **Foundrae Medallion** |
|---|---|
| | |

In sum, the Pandora Charms are not substantially similar, and certainly not "identical," to the Foundrae Medallions in any protectible way. As the court in *William S. Geiger Corp.* held, "[i]f the ordinary observer was aware that anyone could [make necklaces with crossed arrows and the sun and moon], would she recognize defendants' jewelry as having been appropriated from plaintiff's?" 1997 U.S. Dist. LEXIS 11708, at \*4. As in *William S. Geiger Corp.*, the answer here is no. Foundrae's claim should be dismissed. *Dean*, 53 F. Supp. 3d at 649 (dismissing copyright infringement claim where, after eliminating the unprotectible elements that existed in nature, "any similarities between Defendants' and Plaintiff's works [we]re overwhelmed by their differences"); *William S. Geiger Corp.*, 1997 U.S. Dist. LEXIS 11708, at \*4 (holding plaintiff could not prevail on copyright claim as a matter of law because "[w]hile it is true that defendants sell many items with the same shape as items sold by plaintiff and that both contain arrangements of bonsai flowers, the arrangements are not identical.").

## C.   The Complaint Should Be Dismissed with Prejudice.

The issue with Foundrae's claim is not merely with the sufficiency of the allegations, but also with the immutable fact that the Pandora Charms are not substantially similar to any protected element of the Foundrae Medallions. Because no amendment can change the elements of the Foundrae Medallions or Pandora Charms, dismissal should be with prejudice. *See Dean*, 53 F.

14

Supp. 3d at 649 (dismissing complaint without leave to amend); *Wolstenholme*, 271 F. Supp. at 645 (same).

## IV.    CONCLUSION

For the foregoing reasons, Pandora respectfully requests that the Court grant its motion to dismiss, dismiss the Complaint with prejudice, and enter judgment in favor of Pandora.

DATED: April 20, 2026                    Respectfully submitted,

                                **GREENBERG TRAURIG, LLP**

                        By: */s/ Nina D. Boyajian*
                            Nina D. Boyajian (*pro hac vice*)
                            1840 Century Park East, Suite 1900
                            Los Angeles, CA 90067-2121
                            Tel: 310-586-7700
                            Nina.Boyajian@gtlaw.com

                            Justin A. MacLean
                            One Vanderbilt Avenue
                            New York, NY 10017
                            Tel: 212-801-9200
                            Email: Justin.MacLean@gtlaw.com

                            Attorneys for Defendants Pandora Jewelry LLC
                            and Pandora A/S

15

ACTIVE 722113175

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)

Pursuant to Local Rule 7.1(c), I hereby certify that the word count of this Memorandum is 4,046 words, exclusive of the caption, table of contents, table of authorities, signature blocks and required certificates.

_/s/ Nina D. Boyajian_
Nina D. Boyajian

16