# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEMAYLA, LLC DBA FOUNDRAE,<br><br>         Plaintiff,<br><br>vs.<br><br>PANDORA JEWELRY LLC AND PANDORA A/S,<br><br>         Defendants. | CASE NO. 1:26-cv-01331-CM |

## DEFENDANTS PANDORA JEWELRY LLC AND PANDORA A/S'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

ACTIVE 723672510

## **TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................... 1

II.    THE OPPOSITION CONFIRMS THE MOTION SHOULD BE
GRANTED AND FOUNDRAE'S CLAIMS DISMISSED ......................................... 2

    A.    Foundrae Fails to State a Claim for Copyright Infringement Against
Pandora. .............................................................................................. 2

        1.    Pandora's Motion Does Not Argue that Foundrae's
Copyrights Are Invalid. ............................................................. 2

        2.    Foundrae's Opposition Misconstrues the Applicable Law on
Substantial Similarity and Invites the Court to Do the Same. .................. 2

        3.    Applying the Correct Law, the Protectible Elements of the
Foundrae Medallions and Pandora Charms Are Not
Substantially Similar. ............................................................. 5

    B.    The Court Can Consider the Third-Party Products, Which Support
Dismissal. .............................................................................................. 9

    C.    The Complaint Should Be Dismissed with Prejudice. ...................................... 10

III.    CONCLUSION ................................................................................................... 10

i

ACTIVE 723672510

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aaron Basha Corp. v. Felix B. Vollman, Inc.*,
   88 F. Supp. 2d 226 (S.D.N.Y. 2000)........................................................................7

*Ackerman v. Pink*,
   No. 23 Civ. 6952 (KPF), 2025 U.S. Dist. LEXIS 40028 (S.D.N.Y. Mar. 6,
   2025) ................................................................................................................3, 4, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................9

*Beaudin v. Ben & Jerry's Homemade, Inc.*,
   95 F.3d 1 (2d Cir. 1996)...........................................................................................7

*Bill Diodato Photography, LLC v. Kate Spade, LLC*,
   388 F. Supp. 2d 382 (S.D.N.Y. 2005)......................................................................8

*CK Co. v. Burger King Corp.*,
   122 F.3d 1055, 1995 U.S. App. LEXIS 28902 (2d Cir. 1995) .................................5

*Dean v. Cameron*,
   53 F. Supp. 3d 641 (S.D.N.Y. 2014).....................................................................7, 10

*Dress Barn, Inc. v. Klauber Bros.*,
   No. 18cv8085(DLC), 2019 U.S. Dist. LEXIS 68869 (S.D.N.Y. Apr. 22, 2019) ....................10

*Gal v. Viacom Int'l, Inc.*,
   403 F. Supp. 2d 294 (S.D.N.Y. 2005)....................................................................5, 8

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
   590 F. Supp. 2d 625 (S.D.N.Y. 2008).......................................................................3

*LaChapelle v. Fenty*,
   812 F. Supp. 2d 434 (S.D.N.Y. 2011).......................................................................8

*Nichols v. Universal Pictures Corp.*,
   45 F.2d 119 (2d Cir. 1930).......................................................................................8

*OMG Accessories LLC v. Mystic Apparel LLC*,
   No. 19-CV-11589 (ALC)(RWL), 2021 U.S. Dist. LEXIS 57273 (S.D.N.Y.
   Mar. 25, 2021)..........................................................................................................9

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010)............................................................................. *passim*

ACTIVE 723672510

*Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*,
   274 F.2d 487 (2d Cir. 1960)..................................................................................................8

*Structured Asset Sales, LLC v. Sheeran*,
   120 F.4th 1066 (2d Cir. 2024) ............................................................................................4

*Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*,
   338 F.3d 127 (2d Cir. 2003)............................................................................................4, 5

*Warner v. Amazon.com, Inc.*,
   No. 22-CV-5907 (ALC), 2023 U.S. Dist. LEXIS 174188 (S.D.N.Y. Sept. 28,
   2023) .................................................................................................................................3, 4

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
   127 F. Supp. 3d 156 (S.D.N.Y. 2015).................................................................................9

*Yurman Design, Inc. v. PAJ, Inc.*,
   262 F.3d 101 (2001)..............................................................................................................3

*Yurman Studio, Inc. v. Castaneda*,
   591 F. Supp. 2d 471 (S.D.N.Y. 2008)..................................................................................4

*Zalewski v. Cicero Builder Dev. Inc.*,
   754 F.3d 95 (2d Cir. 2014)....................................................................................................9

**Statutes**

17 U.S.C. § 102(b) ......................................................................................................................4

17 U.S.C. § 501...........................................................................................................................5

ACTIVE 723672510

## I.   **INTRODUCTION**

In its motion to dismiss ("Motion"), Pandora established that Foundrae[1] failed to state a claim for copyright infringement because, after filtering out the unprotectible elements of the products at issue, namely, the sun and moon and crossed arrows, there is no substantial similarity between the protectible elements of Pandora's designs ("Pandora Charms") and Foundrae's designs ("Foundrae Medallions"). Nothing in Foundrae's Opposition changes this outcome.

First, Foundrae defends the copyrightability of the Foundrae Medallions by pointing to registrations purportedly covering them and arguing that copyright protection inures in the "deliberate selection, coordination, and arrangement of expressive elements" therein. (Opp. at 2.) But Foundrae attacks a straw man. At least at this stage, Pandora does not challenge the validity of Foundrae's copyright registrations. Rather, Pandora's Motion is based on the lack of substantial similarity between protectible elements of the Foundrae Medallions and the Pandora Charms—a wholly different question.

Second, Foundrae argues that the appropriate test for substantial similarity is entirely a question of fact, and that it can only be answered by comparing two works' "total concept and feel", without reference to the protectability of the elements of the work. (Opp. at 12-19.) Foundrae mischaracterizes the law. As discussed in the Motion, where a work contains unprotectible elements—as Foundrae admits the Foundrae Medallions do—the substantial similarity test is "more discerning," requiring the Court to filter out the unprotectible elements and determine whether the remaining elements, "standing alone," are substantially similar. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010). That filtration process is carried out by courts *as a matter of law*—not fact—and the "concept and feel" comparison must be made with respect to *only* the works' protectible elements,

---

[1] As used herein, "Pandora" refers to Defendants Pandora Jewelry LLC and Pandora A/S, and "Foundrae" refers to Plaintiff Cemayla LLC d/b/a Foundrae.

ACTIVE 723672510

including the specific combinations of unprotectible elements to the extent they are protectible.

Finally, the Opposition confirms that no substantial similarity exists. The only similarities shared by the Foundrae Medallions and the Pandora Charms—even as described by Foundrae—relate to the fact that both depict the same unprotectible concepts. When the appropriate comparison is made, the works' stark differences on their face preclude any reasonable factfinder from concluding they are substantially similar.

Foundrae's copyright infringement claim should be dismissed with prejudice.

## II.    THE OPPOSITION CONFIRMS THE MOTION SHOULD BE GRANTED AND FOUNDRAE'S CLAIMS DISMISSED

### A.    Foundrae Fails to State a Claim for Copyright Infringement Against Pandora.

#### 1.    Pandora's Motion Does Not Argue that Foundrae's Copyrights Are Invalid.

Contrary to Foundrae's argument (Opp. at 8-10), Pandora's Motion does not argue that Foundrae's copyright registrations are invalid or unenforceable. Rather, the section of Pandora's Motion that Foundrae purports to attack (Mot. at 7-11) describes particular *aspects* of the Foundrae Medallions (and jewelry design more generally) that are unprotectible, and thus must be filtered out for purposes of the substantial similarity analysis. Accordingly, Foundrae's argument that its copyrights have a presumption of validity by virtue of being registered is a red herring and has no bearing on the Motion. Equally irrelevant is Foundrae's argument that the Foundrae Medallions obtain protection because they are a "combination of elements." (Opp. at 9.) Again, Pandora does not argue, at this stage, that the Foundrae Medallions' copyrights are unprotectible in totality. However, as explained in the Motion, no substantial similarity exists between the Pandora Charms and the applicable combinations of elements in the Foundrae Medallions.

#### 2.    Foundrae's Opposition Misconstrues the Applicable Law on Substantial Similarity and Invites the Court to Do the Same.

Under Foundrae's erroneous analysis, no court would be able to grant a motion to dismiss a

2

ACTIVE 723672510

copyright infringement complaint for lack of substantial similarity.[2] According to Foundrae, the *sole* test for substantial similarity is whether two works' "total concept and overall feel," employing the broadest connotations of that phrase, is the same to the "ordinary observer." (Opp. at 13 (citation omitted).) That *entire* similarity analysis, Foundrae argues, is "reserved to the trier of fact." (*Id.* at 14 (citation omitted).) As a result, Foundrae asserts, a motion to dismiss due to lack of substantial similarity is subject to a purportedly "high" standard. (*Id.* at 14.) Foundrae is wrong.

Foundrae cites the "standard test for substantial similarity"—i.e., "whether an ordinary observer" would "regard [the] aesthetic appeal as the same" (Opp. at 13 (citing *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2001)))—but the "more discerning" observer test is applicable instead. *Peter F. Gaito Architecture*, 602 F.3d at 66 (cleaned up). For decades, the Second Circuit has required the "more discerning" test "when faced with works that have both protectible and unprotectible elements" (*id.*)—the exact situation at bar. (*See* Opp. at 2 (admitting that depiction of the sun, moon, and crossed arrows are unprotectible "ideas").) Under this test, the court ***must*** attempt to "extract the unprotectible elements from [its] consideration and ask whether the protectible elements, ***standing alone***, are substantially similar[.]" *Peter F. Gaito Architecture*, 602 F.3d at 66 (emphasis added). Foundrae does not seriously contest this—in fact, its Opposition only uses the word "discerning" once, in summarizing Pandora's arguments (Opp. at 13)—and itself cites to authority employing the more discerning observer test and comparing only the works' protectible elements on a motion to dismiss.[3]

---

[2] Foundrae suggests that the Court cannot decide substantial similarity at the motion to dismiss stage (Opp. at 14), but the authorities, including those cited by Foundrae, are to the contrary. *See Peter F. Gaito Architecture*, 602 F.3d at 64 (affirming dismissal at the pleading stage and holding "where, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation"); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008) ("Courts in this district have dismissed copyright infringement claims on Rule 12(b)(6) motions where no substantial similarity was found."); *Ackerman v. Pink*, No. 23 Civ. 6952 (KPF), 2025 U.S. Dist. LEXIS 40028, at *26-27 (S.D.N.Y. Mar. 6, 2025) (dismissing claim with prejudice where works were not substantially

Where copyrightability in a work is predicated on "the particular selection or arrangement of common elements from the public domain," as Foundrae concedes is the case with its Medallions (*see* Opp. at 10), "the protection given to the holder is thin." *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 485 (S.D.N.Y. 2008) (cleaned up). For a defendant's work to infringe a thin copyright, it must feature "the *particular* selection and arrangement," or "the *same* selection and arrangement" of those elements "as the original." *Structured Asset Sales, LLC v. Sheeran*, 120 F.4th 1066, 1081 n.8 (2d Cir. 2024) (emphasis in original).

Foundrae cites to authority that courts are not required "to dissect [the works] into their separate components and compare only those elements which are in themselves copyrightable," and should be "guided" by comparing the two works' "total concept and overall feel."[4] *Peter F. Gaito Architecture*, 602 F.3d at 66 (cleaned up). (*See* Opp. at 13.) In the context of the more discerning observer test, this means considering the "numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of unprotectable components" in "relation to one another." *Id.* (quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134 (2d Cir. 2003)). "[I]n the end, [the] inquiry necessarily focuses on whether the alleged infringer has misappropriated the original way in which the author has selected, coordinated, and arranged the elements of his or her work." *Id.* (cleaned up). Thus, to determine whether works may be substantially

---

similar); *Warner v. Amazon.com, Inc.*, No. 22-CV-5907 (ALC), 2023 U.S. Dist. LEXIS 174188, at *29 (S.D.N.Y. Sept. 28, 2023) (same).

[3] *See, e.g.*, *Ackerman*, 2025 U.S. Dist. LEXIS 40028, at *26-28 ("[b]ecause Plaintiff's Book is comprised of both unprotectable and protectable elements, the 'more discerning' ordinary observer test is the appropriate test to determine whether Defendants' Film is substantially similar to Plaintiff's Book."; granting motion to dismiss with prejudice after finding "no substantial similarity between the works at issue as a matter of law."); *Warner*, 2023 U.S. Dist. LEXIS 174188, at *29 (granting motion to dismiss copyright infringement claim after holding "that no reasonable layperson would find the **protectible elements** of Plaintiff's work and Defendants' work to be substantially similar.") (emphasis added).

[4] Taken literally, as Foundrae urges, the "concept and feel" comparison runs headlong into the text of the Copyright Act, which forbids "copyright protection" from "extend[ing] to any … **concept** … regardless of [how] it is described, explained, illustrated, or embodied" in a work. 17 U.S.C. § 102(b) (emphasis added).

ACTIVE 723672510

similar, courts must "take[] care to identify *precisely* the particular aesthetic decisions—[allegedly] original to the plaintiff and copied by the defendant—that might be thought to make the designs similar in the aggregate." *Tufenkian Import/Export Ventures*, 338 F.3d at 134 (emphasis added).

As applied here, the "anti-dissection" and "total-concept-and-feel" rules taken together simply mean that the Court should not merely compare each particular element in the Foundrae Medallions (e.g., the sun) to the equivalent element in the Pandora Charms, but also compare the way in which these elements are compiled together in both parties' works. Pandora has not suggested conducting this comparison any other way. However, the Second Circuit's "more discerning" observer test does *not* permit a reviewing court to *ignore* the work it did in filtering out unprotectible elements from protectible ones and simply review the overall designs for similarities in generic "concept or feel," as Foundrae would have this Court do. Rather, the Court examines whether those unprotectible elements, considered in relation to one another, are misappropriated. *Peter F. Gaito Architecture*, 602 F.3d at 66. Given the commonplace manner in which the unprotectible elements were arranged in the Foundrae Medallions and the starkly different arrangement of those elements in the Pandora Charms, the "total concept and feel" does not save Foundrae's claims.

Finally, contrary to Foundrae's suggestion that the substantial similarity analysis is exclusively a question of fact (Opp. at 14), the extraction of unprotectible elements from protectible ones is routinely performed by courts as a matter of law. *See, e.g.*, *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 306 (S.D.N.Y. 2005) ("It is the province of the court, not a jury, to determine as a matter of law whether certain material is copyrightable expression or non-copyrightable idea."); *CK Co. v. Burger King Corp.*, 122 F.3d 1055, 1995 WL 595526, at *2 (2d Cir. 1995) ("Whether material is protectible under 17 U.S.C. § 501 is an issue of law for the court, and does not implicate the average observer test for substantial similarity."). The same is true even when the additional "concept or feel" analysis is performed. *See, e.g.*, *Ackerman*, 2025 U.S. Dist. LEXIS 40028, at *38-43.

5

**3.     Applying the Correct Law, the Protectible Elements of the Foundrae Medallions and Pandora Charms Are Not Substantially Similar.**

In its Motion, Pandora established that, after filtering out the unprotectible elements of the Foundrae Medallions, as required by the more discerning observer test, the Pandora Charms are not substantially similar to the Foundrae Medallions. (Mot. at 11-14.) With respect to the parties' sun and moon designs, the only similarities stem from their common, unprotectible concept of depicting the sun and moon in pendant jewelry in a manner reminiscent of "ancient mythology and classical symbolism." (Compl. ¶ 2.) Nor is there substantial similarity when considering the selection and arrangement of both the protectible and unprotectible elements: the colors and texture of the metals are different; the separation of the sun and moon is different; the shape, direction, and size of the sun and moon are different; the Foundrae Medallion includes diamonds and additional stars not included on the Pandora Charm; and the shape and size of the pendants themselves are different.

| **Pandora Charm** | **Foundrae Medallion** |
| --- | --- |
| | |

For the crossed arrows design, again, the similarities between Foundrae's and Pandora's designs stem only from their common, unprotectible concept of depicting crossed arrows among celestial bodies (such as stars) in pendant jewelry in a manner reminiscent of "ancient mythology and classical symbolism." (Compl. ¶ 2.) Nor is there substantial similarity when considering the selection and arrangement of both the protectible and unprotectible elements: the texture of the metals is different; the size, placement, and direction of the arrows are different; the Foundrae Medallion includes baubles,

6

stripes, and diamonds not included on the Pandora Charm; and the shape and size of the pendants themselves are different.

| Pandora Charm | Foundrae Medallion |
|:---:|:---:|
| | |

Foundrae conjures the following additional alleged similarities: (1) the sun and moon designs are both two-toned silver and gold and divided in "two halves" to give a "yin-yang appearance," (2) the sun and moon designs both "scatter stars," (3) the arrows on the crossed arrow designs "intersect[] at roughly the same angle," (4) the crossed arrows designs both include a "small star," and (5) the crossed arrow designs both include "contoured perimeters" (whatever that means). (Opp. at 16-17.) But none of these similarities—alone or even in combination—rise to the level of protected expression. As to the sun and moon designs, the color of metals is not protected, *Aaron Basha Corp. v. Felix B. Vollman, Inc.*, 88 F. Supp. 2d 226, 230 (S.D.N.Y. 2000) ("precious metals" are not protected), and depicting the sun in a gold environment (to signify the day) and the moon in a silver environment (signifying the night) is part and parcel of the idea of depicting day and night; the way in which those ideas are expressed are distinct. Just as the sun and moon are unprotectible because they exist in the "natural world," *see Dean v. Cameron*, 53 F. Supp. 3d 641, 646 (S.D.N.Y. 2014); *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996), so are stars; and again, Foundrae's and Pandora's specific depictions of the idea of stars are dissimilar beyond the fact that they are stars and depicted in the sky. As for the "yin-yang appearance" of the sun and moon, a yin-yang is a symbol dating back thousands of years with mystical connotations, and the idea to separate the sun/daytime and moon/nighttime skies with a curvature arguably reminiscent of a yin-yang is no more protectible than

7

the idea of depicting a sun and moon in pendant jewelry.[5] Lastly, as for the "angle" of the crossed arrows and the "contoured perimeter" of the crossed arrows designs, both are entirely different in the respective products. The arrowheads on the Pandora Charm point up in opposite directions and intersect at a wider angle, while the arrowheads on the Foundrae Medallion both point to the right and intersect at a narrower angle. The perimeter of the Pandora Charm has a jagged edge with no additional features, while that of the Foundrae Medallion has a smooth edge with baubles and a striped border.

At bottom, the similarities that Foundrae identifies between the Pandora Charms and the Foundrae Medallions are too abstract to qualify as similarities in protected *expression*, as opposed to ideas. *See Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930) ("series of abstractions" no longer protected where they extend to unprotectible ideas). The Court may make this determination as a matter of law, *see Gal*, 403 F. Supp. 2d at 306, and grant the Motion on the ground that "the similarity between two works concerns only non-copyrightable elements of the plaintiff's work", even when incorporating the "concept and feel" analysis. *Peter F. Gaito Architecture*, 602 F.3d at 63.

The cases that Foundrae cites to support its substantial similarity position (*see* Opp. at 14-16) are inapposite. Comparison of the designs at issue here to other works, in other media, with a much wider range of potential creative expression, does not help determine what elements of Foundrae's works are unprotectible or are permitted to be compared to the Pandora Charms. *See Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) ("Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea,' and has borrowed its 'expression.' Decisions must therefore inevitably be *ad hoc*."). In those cases, the courts were able to identify numerous alleged similarities between *protectible elements* of the works.[6] As discussed above and in

---

[5] The separation in this context is further an unprotectible *scènes à faire* as it "flow[s] naturally and necessarily from the choice of" that idea. *Bill Diodato Photography, LLC v. Kate Spade, LLC*, 388 F. Supp. 2d 382, 392 (S.D.N.Y. 2005).

[6] *See, e.g.*, *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 446-47 (S.D.N.Y. 2011) (finding that the numerous alleged similarities between the "protectible elements" of the works—such as the "hot-pink

8

the Motion, the similarities between the Pandora Charms and the Foundrae Medallions are *not* in protectible elements.

In sum, the Pandora Charms and Foundrae Medallions are not "substantially similar," but similar only in their unprotectible ideas. Foundrae's claim fails as a matter of law.

**B.    The Court Can Consider the Third-Party Products, Which Support Dismissal.**

Judicial notice of third parties selling gold and silver medallion-style necklaces depicting the sun and moon and crossed arrows is proper. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (taking judicial notice of "printouts" from various "entities' websites"); *Zalewski v. Cicero Builder Dev. Inc.*, 754 F.3d 95, 106, n.20 (2d Cir. 2014) (taking judicial notice of "[t]he features of prominent architectural styles, particularly of home designs" in assessing substantial similarity). These exemplars were included not to prove or disprove any specific fact, but to illustrate the commonality of sun and moon and crossed arrow pendants and to aid the Court in exercising its "good eyes and common sense," *Peter F. Gaito Architecture*, 602 F.3d at 66, in determining what features of the Foundrae Medallions are unprotectible ideas as opposed to protectible expression. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (courts must "draw on [their] judicial experience and common sense").

Moreover, putting aside that Foundrae only discusses third-party products least similar to the Foundrae Medallions, while omitting the products that are nearly identical to the Foundrae Medallions (and far more similar than the Pandora Charms), as pictured immediately below, the examples also

---

and white striped walls; two single-hung windows in the middle of the back wall; windows with glossy hot-pink casings and interior framework, with opaque panes exhibiting a half-vector pattern of stripes against a yellow background; a solid hot-pink ceiling; hot-pink baseboards; a hot-pink couch under the windows; women wearing frizzy red wigs; a woman posed on top of a piece of furniture; black tape wrapped around a man"—were sufficiently similar to state a claim); *OMG Accessories LLC v. Mystic Apparel LLC*, No. 19-CV-11589 (ALC)(RWL), 2021 U.S. Dist. LEXIS 57273, at *8-9 (S.D.N.Y. Mar. 25, 2021) (finding the substantial similarities between the works were of protectible elements—a unicorn with "closed eyes with distinctive eyelashes, rainbow colored locks, glittered horn, and pink hearts on the face or cheek of the unicorn."). Unlike the Pandora Charms and Foundrae Medallions, the works in *OMG Accessories* were nearly identical.

ACTIVE 723672510

illustrate the way in which the law examining unprotectible elements should be applied. Namely, in considering the products below, after filtering out the unprotectible elements of the sun and moon and arrows, the examination would turn to whether the selection and arrangement of the elements in the medallions give rise to the same concept and feel as the Foundrae Medallions. Because, in the products below, the similarity is not only in the unprotectible elements, but also in their arrangement (e.g., both arrows pointing in the same direction as the Foundrae Medallion, the crescent moon pavé with diamonds and facing the same direction as the Foundrae Medallion), a court may entertain a substantial similarity argument based on the overall concept and feel.

 

(ECF No. 24-3, Ex. 3.)

But where, as here, the only similarity is in the unprotectible elements and there is little similarity in the selection and arrangement of the elements, there is no substantial similarity.

### C.    The Complaint Should Be Dismissed with Prejudice.

Leave to amend may be denied when a proposed amendment would be futile. *See, e.g.*, *Dress Barn, Inc. v. Klauber Bros.*, No. 18cv8085(DLC), 2019 U.S. Dist. LEXIS 68869, at *14 (S.D.N.Y. Apr. 22, 2019) (dismissing infringement claim without leave to amend where "any amendment would be futile because the designs at issue are not substantially similar."); *Dean*, 53 F. Supp. 3d at 649 (dismissing complaint without leave to amend). Because no amendment could make the Foundrae Medallions and Pandora Charms substantially similar, dismissal should be with prejudice.

### III.    CONCLUSION

Pandora respectfully requests that the Court grant its Motion, dismiss the Complaint with prejudice, and enter judgment in favor of Pandora.

10

DATED: May 11, 2026                        Respectfully submitted,

                                           GREENBERG TRAURIG, LLP

                                    By:    */s/ Nina D. Boyajian*
                                           Nina D. Boyajian (pro hac vice)
                                           1840 Century Park East, Suite 1900
                                           Los Angeles, CA 90067-2121
                                           Tel: 310-586-7700
                                           Email: Nina.Boyajian@gtlaw.com

                                           Justin A. MacLean
                                           One Vanderbilt Avenue
                                           New York, NY 10017
                                           Tel: 212-801-9200
                                           Email: Justin.MacLean@gtlaw.com

                                           Attorneys for Defendants Pandora Jewelry LLC and
                                           Pandora A/S

11

ACTIVE 723672510

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(C)

Pursuant to Local Rule 7.1(c), I hereby certify that the word count of this Memorandum is 3,499 words, exclusive of the caption, table of contents, table of authorities, signature blocks and required certificates.

*/s/ Nina D. Boyajian*
Nina D. Boyajian

12

ACTIVE 723672510