UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEMAYLA, LLC dba FOUNDRAE,

                              Plaintiff,

        v.                                        26 Civ. 1331 (CM) (KHP)

PANDORA JEWELRY LLC and
PANDORA A/S,

                              Defendants.

## [PROPOSED] CIVIL CASE MANAGEMENT PLAN

1.      This case is to be tried to a jury.

2.      Discovery pursuant to Fed. R. Civ. P. 26(a) shall be exchanged by June 4, 2026.

3.      No additional parties may be joined after July 30, 2026.

4.      No pleading may be amended after July 30, 2026.

5.      If your case is brought pursuant to 42 U.S.C. § 1983, counsel representing any defendant who intends to claim qualified immunity must comply with the special procedure set forth in the Individual Rules, which can be found at http://nysd.uscourts.gov/judge/Mcmahon. Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial.

        Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of the right to move for judgment on the ground of qualified immunity prior to trial. Please identify any party who is moving to dismiss on qualified immunity grounds.

6.      All discovery, *including expert discovery*, must be completed on or before October 7, 2026. (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiffs deposition shall be taken first, and shall be completed by _____. PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the

following dates: Opening expert reports on issues on which the party bears the burden of proof: by <u>August 14, 2026</u>; Rebuttal expert reports: by <u>September 15, 2026</u>.

7.      Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8.      Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is <u>Magistrate Judge Katharine H. Parker</u>. The first time there is a discovery dispute that counsel cannot resolve on their own, file a letter to Chambers via ECF and ask for an order of reference to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-*pro se* cases. **The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.** Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9.      A joint pretrial order in the form prescribed in Judge McMahon's Individual Rules, together with all other pretrial submissions required by those rules (not including *in limine* motions), shall be submitted on or before <u>November 20, 2026</u>. Following submission of the joint pretrial order, counsel will be notified of the date of the final pretrial conference. *In limine* motions must be filed within five days of receiving notice of the final pretrial conference; responses to *in limine* motions are due five days after the motions are made. Cases may be called for trial at any time following the final pretrial conference.

10.     No motion for summary judgment may be served after the date the pretrial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order and other pretrial submissions on the assigned date.*

11.     The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12.     This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: May 12, 2026
    New York, New York

Upon consent of the parties:

FROSS ZELNICK LEHRMAN & ZISSU, P.C.     GREENBERG TRAURIG, LLP


By:   /s/ John P. Margiotta            By:  /s/ Nina D. Boyajian
       John P. Margiotta               Nina D. Boyajian (*pro hac vice*)
       Shelby P. Rokito          1840 Century Park East, Suite 1900
151 West 42nd Street, 17th Floor     Los Angeles, CA 90067-2121
New York, New York 10036         Tel: 310-586-7700
Tel: (212) 813-5900             Nina.Boyajian@gtlaw.com
jmargiotta@fzlz.com
srokito@fzlz.com               Justin A. MacLean
                        One Vanderbilt Avenue
*Attorneys for Plaintiff Cemayla, LLC*   New York, NY 10017
                        Tel: 212-801-9200
                        Justin.MacLean@gtlaw.com

                        *Attorneys for Defendants Pandora*
                        *Jewelry LLC and Pandora A/S*


                        SO ORDERED:


                        Hon. Colleen McMahon
                        U.S. District Judge

3