UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2026

CEMAYLA, LLC d/b/a FOUNDRAE,

Plaintiff,

-against-

PANDORA JEWELRY LLC and PANDORA A/S,

Defendants.

No. 26-cv-1331 (CM)

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

McMahon, J:

Plaintiff Cemayla, LLC, d/b/a FoundRae ("FoundRae") brings this action against Defendants Pandora Jewelry LLC and Pandora A/S (together, "Pandora" or "Defendants") for one count of copyright infringement in violation of Section 501 the Copyright Act, 17 U.S.C. § 501, *et seq*. FoundRae alleges that Pandora infringed on FoundRae's copyright registrations in two of its designs – its Balance Medallion and Passion Medallion – by manufacturing and selling jewelry with substantially similar designs.

Before the Court is Pandora's motion to dismiss FoundRae's complaint for failure to state a claim.

For the reasons set forth below, that motion is DENIED.

**Background**

The following facts are taken from FoundRae's complaint and the documents attached to the complaint as exhibits. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). For the purpose of deciding this motion to dismiss, the Court assumes these facts are true and construes them in the light most favorable to FoundRae as the non-moving party. *See Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013).

Plaintiff Cemayla, LLC, d/b/a FoundRae) ("FoundRae") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New York.

FoundRae is a luxury fine jewelry brand founded in New York City in 2015. Its designs are advertised and sold throughout the United States, both through FoundRae's website and in FoundRae boutique stores. FoundRae's jewelry is also offered for sale by third-party retailers. While FoundRae creates all types of jewelry, including bracelets, rings, earrings, and necklaces, it is best known for its medallion designs, each of which is intended to evoke a certain symbol or tenet. Complaint, ¶ 20.

This action concerns two of FoundRae's medallion designs, both of which are registered with the United States Copyright Office. FoundRae's "CM74 Passion" design (the "Passion Medallion") is the subject of Copyright Registration Number VAu 1-419-866; its "Oversized Exuberance Balance" design (the "Balance Medallion") is the subject of Copyright Registration Number VA 2-367-295. Complaint, ¶ 21.

**The Passion Medallion**



**The Balance Medallion**



Complaint, ¶ 21.

Defendant Pandora A/S, a Danish corporation, designs, manufactures and markets jewelry, including the allegedly infringing products at issue in this lawsuit. Defendant Pandora Jewelry LLC markets, offers for sale, sells, and distributes in the United States jewelry designed and manufactured by Pandora A/S. Together, Defendants operate the "Pandora" brand, which sells various types of jewelry at accessible price points, including the products at issue here. Complaint, ¶ 24. Pandora jewelry is advertised and sold through the Pandora website, at Pandora retail stores throughout the United States, and through a network of third-party retailers.

FoundRae alleges that on August 28, 2025, Pandora released its "Talisman Collection," a new collection comprised of twelve medallions, each bearing a design meant to evoke a certain symbol. Complaint, ¶ 28. According to FoundRae, several medallions in Pandora's Talisman Collection feature the same symbols that appear on FoundRae's signature medallions and Pandora, like FoundRae, has engraved on the back of each medallion words to convey the symbolic meaning of the design on the front. *Id.*, ¶ 29.

With respect to its Passion and Balance Medallions, however, FoundRae alleges that Pandora has not only "emulate[d] the look, feel and symbolism used on FoundRae's signature medallions," but has "copied nearly verbatim the protected expression of the original designs."

Complaint, ¶ 31. In other words, FoundRae believes that Pandora has unlawfully reproduced its "unique combination and selection of elements and the particular arrangement of these elements within each composition." Dkt. No. 25, at 14.

**<u>Pandora's Infringing Products</u>** **<u>FoundRae's Copyrighted Designs</u>**



Complaint, ¶ 31.

FoundRae believes that the similarities between these two designs are not the result of coincidence, but indicate "a campaign to deliberately copy FoundRae's designs." Complaint, ¶ 33.

On October 6, 2025, FoundRae sent Pandora a cease-and-desist letter, "expressing its concerns regarding similarities between pieces in Pandora's Talisman Collection and FoundRae's copyright-protected designs." Complaint, ¶ 38. Pandora did not respond. *Id.*

FoundRae filed its complaint in the instant action on February 17, 2026, asserting one count of copyright infringement in violation of 17 U.S.C. § 501 for Pandora's unlawful appropriation of FoundRae's Balance Medallion and Passion Medallion designs. Dkt. No. 1.

On April 20, 2026, Pandora moved to dismiss the complaint for failure to state a claim. Dkt. No. 23. That motion is presently before the Court.

**Legal Standard**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

**Discussion**

To establish a claim of copyright infringement, "a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible

elements of plaintiff's." *Peter F. Gaito Architecture LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (citing *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)).

Pandora does not challenge FoundRae's claim to valid copyrights in its medallion designs. Instead, Pandora argues that even if it did "actually copy" FoundRae's designs – which it steadfastly denies – FoundRae's copyright infringement claim must fail because the designs are not substantially similar as a matter of law.

At the motion to dismiss stage, the Court may assume that actual copying occurred and move straight to the issue of substantial similarity between the parties' products. *Roberts v. Gallery*, 755 F. Supp. 3d 235, 242 (E.D.N.Y. 2024). This is so because, where two works are not substantially similar as a matter of law, the Court can properly conclude that a plaintiff's complaint does not "plausibly give rise to an entitlement to relief." *Gaito*, 602 F.3d at 64 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"[T]he question of substantial similarity typically presents an extremely close question of fact," and for that reason, "questions of non-infringement have traditionally been reserved for the trier of fact." *Gaito*, 602 F.3d at 63. Nevertheless, substantial similarity can be resolved by courts as a matter of law on a motion to dismiss, "either because the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Id.* at 64 (quoting *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 240 (2d Cir. 1983)).

The standard test for substantial similarity asks whether "an ordinary observer, unless he set out to detect the disparities [between the works], would be disposed to overlook them, and regard [their] aesthetic appeal as the same." *Gaito*, 602 F.3d at 66 (internal quotation marks and citation omitted). In applying the "ordinary observer test," courts ask whether "an average lay

observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.),* 71 F.3d 996, 1002 (2d Cir. 1995) (internal quotation marks omitted). Where an item contains both protectable and unprotectable elements, however, courts apply the "more discerning ordinary observer test," which asks whether, after extracting the unprotected elements, "the *protectible elements, standing alone*, are substantially similar." *Id.*

Under either test, a court must not "dissect [the products] into their separate components, and compare only those elements which are in themselves copyrightable." *Gaito*, 602 F.3d at 66 (citation omitted). Rather, courts are "principally guided by comparing the contested design's total concept and overall feel of the allegedly infringed [product] . . . as instructed by [its] good eyes and common sense." *Id.* (internal citations and quotations omitted). As the Second Circuit explained in *Gaito*, "This is so because the defendant may infringe on the plaintiff's work not only through literal copying of a portion of it, but also by parroting properties that are apparent only when numerous aesthetic decisions embodied in the plaintiff's work of art—the excerpting, modifying, and arranging of unprotectible components—are considered in relation to one another." *Id.* (quoting *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134 (2d Cir. 2003) (cleaned up).

The threshold question is which test to apply. Pandora contends that the Court should apply the "more discerning ordinary observer" test because FoundRae's medallion designs are comprised of common symbols in the public domain that are not independently protectible. FoundRae does not dispute that its copyrighted jewelry designs are composed of individually unprotectible elements, but appears to argue that the standard "ordinary observer" test should

apply because its unique selection and arrangement of those elements is protectible even if each constituent element is not original in and of itself.[1]

It is true that courts in this Circuit have disagreed as to the appropriate test to apply in jewelry design cases. *Compare M. Lady, LLC v. AJI, Inc.*, 2007 WL 2728711, at *7 (S.D.N.Y. Sept. 19, 2007) (applying the "ordinary observer" test to jewelry designs) *with Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 496 (S.D.N.Y. 2008) (applying the "more discerning ordinary observer" test). However, I find it likely that the "ordinary observer" test is appropriate. The instant case is akin to *Yurman Design, Inc. v. Golden Treasure Imports, Inc.*, 275 F. Supp. 2d 506 (S.D.N.Y. 2003). There, Judge Scheindlin rejected the defendants' argument – the same argument made by Pandora here – that the "more discerning ordinary observer" test should apply because plaintiff's jewelry designs were created from a combination of common elements. *Id.* at 517. The court explained that "the plaintiffs' jewelry designs are not composed of protected and unprotected elements; rather, although the jewelry designs [] are created from a combination of common elements, the designs are protected in their entirety because it is the combination of elements that is copyrighted." *Id.* It would thus "make[] no sense . . . to look at the designs by excluding elements such as cable and gemstones and consider what is left." *Id.*

I find Judge Scheindlin's reasoning persuasive. *See also R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 65 (S.D.N.Y. 2009) ("In this case, the Court cannot distinguish protectible elements from unprotectible elements, as it is the arrangement and selection of common elements that give rise to the copyrightability of the Stella Pieces in their entirety. There is not one particular element to which RFMAS points that, alone, is original; it is only RFMAS's selection

[1] FoundRae contends that, in any event, the applicable test for substantial similarity is "a fact-based inquiry that cannot be resolved on the pleadings." Dkt. No. 25, at 18.

and combination of unoriginal elements that gives rise to any protection."); *M. Lady*, 2007 WL 2728711, at *7.

But regardless of which test the Court applies, I cannot conclude, on a motion to dismiss, that FoundRae's medallions and Pandora's charms are not substantially similar as a matter of law.

After conducting a visual comparison of the designs at issue using the Court's "good eyes and common sense," *Hamil America,* 193 F.3d at 102, I find that a reasonable juror could conclude that Pandora has misappropriated "the original way in which [FoundRae] has selected, coordinated, and arranged the elements" of its medallion designs. *Gaito*, 602 F.3d at 66. (quoting *Knitwaves*, 71 F.3d at 1004). Though the individual features of FoundRae's medallions might not be protectible when viewed separately, they produce a specific "look" when considered together. *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 522 (S.D.N.Y. 2014). And, because both of FoundRae's designs are registered with the Copyright office, there is a statutory presumption that FoundRae has selected, coordinated, and arranged the constituent elements in an original manner. *See Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109–10 (2d Cir. 2001); *Golden Treasure Imports, Inc.*, 275 F. Supp. 2d at 514–15.

Pandora asks the Court to take judicial notice of the fact that "dozens of other companies and artists sell[] gold and silver medallion style necklaces depicting crossed arrows and the sun and moon," Dkt. No. 23, at 15 n.2, in order "to illustrate the commonality of sun and moon and crossed arrow pendants and to aid the Court in . . . determining what features of the FoundRae Medallions are unprotectible ideas as opposed to protectible expression," Dkt. No. 27, at 13. I cannot do that; I cannot take judicial notice of an assertion of fact concerning the practices of the jewelry industry, about which I know absolutely nothing. If there is evidence to this effect,

Defendant will have ample opportunity to present it. But judicial notice – impossible. Furthermore, FoundRae does not assert that the identified elements – crossed arrows and the sun and moon – are individually protectible. It argues that its original selection, coordination, and arrangement of those individual elements is subject to copyright protection.

Pandora's designs have elements that, when "taken together," evince a similar total concept and overall feel to FoundRae's medallions. *Premier Fabrics, Inc. v. Woodland Trading Inc.*, 42 F. Supp. 3d 549, 554 (S.D.N.Y. 2014). With respect to FoundRae's Balance Medallion, both FoundRae's pendant and Pandora's allegedly infringing design depict a sun and moon on a circular pendant. Both pendants are bisected into two halves, with a curved line down the center giving the pendants a "yin-yang" appearance. Both pendants are two-toned; the left half is gold and showcases a sun, whereas the right half is silver and showcases a crescent moon and scattered stars. The same is true of FoundRae's Passion Medallion and Pandora's allegedly infringing design. Both pendants showcase a pair of arrows that intersect at a similar angle in the center of a gold-colored medallion, a gold star, and contoured perimeters.

Pandora points to several dissimilarities between FoundRae's medallions and its own pendants. But the trier of fact could consider these differences to be minor, and minor differences cannot "overcome the more visually dominant similarities between the designs' 'total concept and feel.'" *Merit Diamond Corp. v. Frederick Goldman, Inc.*, 376 F. Supp. 2d 517, 525 (S.D.N.Y. 2005); *see also Knitwaves*, 71 F.3d at 1004; *I.C. ex rel. Solovsky v. Delta Galil USA*, 135 F. Supp. 3d 196, 216 (S.D.N.Y. 2015) ("Although defendants discuss at length the differences between the designs, the overall concept and feel of the designs is sufficiently similar for purposes of surviving the motion to dismiss.").

The Court recognizes that, where copyright protection "is limited to the particular selection or arrangement" of common elements in the public domain, as is the case here, "the protection given is 'thin'" and infringement will only be established by very close copying. *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 136 (2d Cir. 2003) (internal quotations omitted); *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996). Nevertheless, "the jewelry designs need not be absolutely identical." *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 65 (S.D.N.Y. 2009). *See also Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 498 (S.D.N.Y. 2008) ("Other pieces are not identical but are substantially similar, differing only in the use of a different color gemstone or a slightly different combination of plaintiffs' distinctive design elements."). A trier of fact might ultimately conclude that the designs are sufficiently distinct so as to preclude a finding of copyright infringement. Such a finding would be far from implausible. At this juncture, however, the Court cannot conclude that the designs are so different as to require dismissal of Plaintiff's copyright claim. Such "questions of non-infringement" are best "reserved for the trier of fact." *Gaito*, 602 F.3d at 63.

**Conclusion**

For the foregoing reasons, Pandora's motion to dismiss is DENIED.

The Clerk of Court is directed to remove the motion at Docket Number 22 from the Court's list of open motions.

This is a written opinion resolving a motion to dismiss.

Dated: September 10, 2026

U.S.D.J.

BY ECF TO ALL COUNSEL