GT GreenbergTraurig

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/2026

MEMO ENDORSED

Nina D. Boyajian
Tel 310.586.6587
Fax 310.586.7800
Nina.Boyajian@gtlaw.com

9/22/2026
You may file the declaration under seal and in camera and on paper.
CM

September 21, 2026

**VIA ECF**
The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, NY 10007

Re: ***Cemayla, LLC v. Pandora Jewelry LLC and Pandora A/S*,**
**No. 26-cv-1331 (S.D.N.Y.)**

Dear Judge McMahon:

We represent Defendants Pandora Jewelry LLC and Pandora A/S (together, "Pandora") in the above-identified action. Pursuant to Section 6 of this Court's Electronic Case Filing Rules ("ECF Rules"), we write to request leave to file, under seal and *in camera*, the Declaration of Nina D. Boyajian in Support of Greenberg Traurig's ("GT") Motion for Leave to Withdraw as Counsel for Pandora ("Boyajian Declaration"). As Your Honor's current Individual Practices do not expressly permit or address the filing of documents under seal via the ECF system, we seek leave to file the Boyajian Declaration in the traditional manner, on paper. *See* ECF Rules § 6.5. Plaintiff Cemayla, LLC dba Foundrae consents to this request.

The Boyajian Declaration contains descriptions of communications implicating certain aspects of the attorney-client relationship that form the basis for GT's Motion to Withdraw. GT respectfully submits that submission under seal and *in camera*, for the Court's eyes only, is appropriate. *See, e.g.*, *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB) (JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts.") (quoting *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97 Civ. 9262 (JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."); L. Civ. R. 1.4, Committee Note ("This is not meant to preclude the Court from permitting the reasons for withdrawal to be stated in camera and under seal in an appropriate case.").

GT's request to seal is narrowly tailored to cover only the Boyajian Declaration submitted in support of its Motion to Withdraw, which contains specifics about communications protected by the attorney-client privilege that GT cannot reveal to the public. Thus, GT respectfully submits

Case 1:26-cv-01331-CM Document 41 Filed 09/21/26 Page 2 of 3



that the interest to be protected by filing the Boyajian Declaration under seal outweighs the presumption of public access under the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

For the foregoing reasons, GT respectfully requests that the Court grant its motion to seal.

Best regards,

*/s/ Nina D. Boyajian (Pro Hac Vice)*

Nina D. Boyajian

cc: Counsel of Record (via ECF)

Case 1:26-cv-01331-CM Document 41 Filed 09/21/26 Page 3 of 3

**REDACTED –**
**FILED UNDER SEAL**