UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEMAYLA, LLC DBA FOUNDRAE,<br><br>Plaintiff,<br>vs.<br><br>PANDORA JEWELRY LLC AND PANDORA A/S,<br><br>Defendants. | Case No.: 1:26-cv-01331-CM |

**DEFENDANTS PANDORA JEWELRY LLC AND PANDORA A/S'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

As their answer to Plaintiff Cemayla, LLC dba FoundRae's ("Plaintiff") Complaint ("Complaint"), Defendants Pandora Jewelry LLC ("Pandora Jewelry") and Pandora A/S (together with Pandora Jewelry, "Pandora") state as follows:

## NATURE OF THE ACTION

1. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1, and therefore, denies the allegations therein.

2. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2, and therefore, denies the allegations therein.

3. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3, and therefore, denies the allegations therein.

4. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 4, and therefore, denies the allegations therein. Pandora denies the allegations in the third sentence of Paragraph 4.

5. Pandora admits that it released a collection titled the "Talisman Collection" in August 2025. Pandora denies the remaining allegations in Paragraph 5.

6. Denied.

7. Pandora admits that the two products depicted in Paragraph 6 (the "Accused Products") have been and remain offered for sale in the United States, and denies the remaining allegations in Paragraph 7.

8. Denied. Pandora further denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

9. Pandora admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), but denies that this action has merit.

10. For purposes of this action only, Pandora does not contest personal jurisdiction. Pandora denies the remaining allegations in Paragraph 10.

11. For purposes of this action only, Pandora does not contest that venue in this District is proper. Pandora denies the remaining allegations in Paragraph 11.

**THE PARTIES**

12. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12, and therefore, denies the allegations therein.

13. Pandora A/S admits that it is a corporation organized and existing under the laws of Denmark, and that its principal place of business is at Havneholmen 17-19, 1561 Copenhagen V, Denmark (CVR no. 28505116). Pandora A/S admits that it designs, manufactures and markets jewelry, but denies that it has designed, manufactured, or marketed any infringing products.

14. Pandora Jewelry admits that it is a limited liability company organized and existing under the laws of the State of Maryland. Pandora Jewelry further admits that it markets, offers for sale, sells and distributes in the United States jewelry designed and manufactured by Pandora A/S, but denies that it has marketed, offered for sale, sold, or distributed any infringing products.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15, and therefore, denies the allegations therein.

16. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16, and therefore, denies the allegations therein.

17. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17, and therefore, denies the allegations therein.

18. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18, and therefore, denies the allegations therein.

19. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies the allegations therein.

20. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20, and therefore, denies the allegations therein.

21. Pandora admits that Copyright Registrations Nos. VAu 1-419-866 and VA 2-367-295 exist, but is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore, denies the allegations therein.

22. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22 concerning Plaintiff's ownership, and therefore, denies them. Pandora denies the remaining allegations in Paragraph 22.

23. Denied.

24. Pandora admits that it sells various types of jewelry at accessible price points under the PANDORA brand.

25. Admitted.

26. Pandora admits that it has collaborated with third-party brands and franchises, including Netflix, Marvel, Disney, and UNICEF, to create and release collections, and that it entered into agreements with those parties in connection with those collaborations. Denied except as expressly admitted.

27. Pandora admits that it markets its third-party collaborations to consumers. Pandora is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 27, and therefore, denies the allegations therein.

28. Admitted.

29. Denied.

30. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30, and therefore, denies the allegations therein.

31. Denied.

32. Denied.

33. Denied.

34. Pandora is without sufficient information or knowledge to form a belief as to the source and provenance of the photograph in Paragraph 34, and denies the remaining allegations in Paragraph 34.

35. Denied.

36. Denied.

37. Denied.

38. Pandora admits that it received a letter from Plaintiff dated October 6, 2025, that it responded by letter dated October 30, 2025, and that the Accused Products have been and remain offered for sale. Pandora denies that the Accused Products infringe any right of Plaintiff, and denies the remaining allegations in Paragraph 38.

39. Pandora admits that it has not sought or received authorization from Plaintiff because no authorization was required. Denied except as expressly admitted.

40. Denied.

41. Denied. Pandora further denies that Plaintiff is entitled to any relief whatsoever.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement in Violation of 17 U.S.C. § 501

42. To the extent Paragraph 42 requires an answer, Pandora repeats and incorporates by reference its answer to all prior allegations contained in the Complaint as if fully set forth herein.

43. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 43, and therefore, denies the allegations therein.

44. Pandora is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44, and therefore, denies the allegations therein.

45. Pandora admits that Copyright Registrations Nos. VAu 1-419-866 and VA 2-367-295 exist, but is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 45, and therefore, denies the allegations therein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied. Pandora further denies that Plaintiff is entitled to any relief whatsoever.

52. Denied. Pandora further denies that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

To the extent Pandora is required to respond to Plaintiff's prayer for relief, Pandora denies that Plaintiff is entitled to the relief sought in Paragraphs 1 to 8 or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Pandora asserts the following affirmative and other defenses in response to the allegations in the Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

### FIRST DEFENSE

**(Lack of Substantial Similarity)**

Plaintiff's claims are barred, in whole or in part, because Pandora's products are not substantially similar to Plaintiff's alleged designs.

### SECOND DEFENSE

**(Lack of Requisite Originality and/or Creativity)**

Plaintiff's claims are barred, in whole or in part, because Pandora's copying, if any, of any element of the works in which Plaintiff alleges a copyright interest, did not involve the use of any elements of the works sufficiently original to warrant copyright protection.

### THIRD DEFENSE

**(Independent Creation)**

Pandora's products were independently created without reference to or copying of the works in which Plaintiff alleges a copyright interest.

### FOURTH DEFENSE

**(No Willfulness)**

Plaintiff's remedies are barred, in whole or in part, because Pandora has not willfully infringed any intellectual property or other rights owned by Plaintiff and because Pandora has acted in good faith and without any intention of injuring Plaintiff.

### FIFTH DEFENSE

**(Invalidity of Plaintiff's Copyright Registrations)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's copyrights in some or all of the works at issue, and the registrations on which Plaintiff relies, are invalid. On information and belief, Copyright Registration No. VAu 1-419-866 was obtained as a group registration of unpublished works under 37 C.F.R. § 202.4(c) when one or more of the works it covers, including the "CM74 Passion" design, had been published before the registration's effective date of October 7, 2020, or the application claimed the "CM74 Passion" design as a wholly original unpublished work without identifying or excluding pre-existing published material, and in either case the application contained inaccurate information that was included with knowledge that it was inaccurate and that, if known, would have caused the Register of Copyrights to refuse registration. 17 U.S.C. § 411(b).

**SIXTH DEFENSE**

**(Innocent Intent)**

Plaintiff's damages, if any, are limited because Pandora was not aware and had no reason to believe that its acts constituted an infringement of copyright, if any.

**SEVENTH DEFENSE**

**(Statutory Damages Limited)**

Plaintiff's statutory damages, if existent and permitted, are limited by, *inter alia*, the Due Process Clause of the United States Constitution, the applicable law of the Second Circuit and the Southern District of New York, and/or to the extent they do not bear a reasonable relationship to any alleged actual damages. Any award of statutory damages is further limited to a single award with respect to all infringements involved in the action with respect to any one work, 17 U.S.C. § 504(c)(1), and the Complaint identifies no more than two works.

**EIGHTH DEFENSE**

**(Punitive Damages Unavailable)**

Punitive damages are not available under the Copyright Act, 17 U.S.C. § 504.

**NINTH DEFENSE**

**(Adequate Remedy at Law)**

Plaintiff's claims for injunctive relief, impoundment, recall, and destruction are barred because any harm to Plaintiff may be addressed by money damages, and thus, Plaintiff has not suffered irreparable harm.

**TENTH DEFENSE**

**(*De Minimis* Infringement)**

Plaintiff's claims are barred, in whole or in part, because any alleged copying of original elements or other violations of rights that may have occurred was *de minimis*.

**ELEVENTH DEFENSE**

**(Merger and Scènes à Faire)**

Plaintiff's claims are barred, in whole or in part, under the doctrines of merger and/or scènes à faire.

**PANDORA'S PRAYER FOR RELIEF**

**WHEREFORE**, Pandora prays for judgment as follows:

1. That the Court find against Plaintiff and for Pandora on Plaintiff's Complaint;
2. That the Court find against Plaintiff and for Pandora on Pandora's Affirmative Defenses;
3. That the Court deny Plaintiff any and all of its requested relief, including by denying any injunctive relief and any award of any monetary sums whatsoever;
4. That Pandora be awarded its attorneys' fees and costs as allowed by law; and
5. That Pandora be awarded such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Pandora requests a trial by jury of all issues triable by jury.

Dated: November 3, 2026

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman
Eleanor M. Lackman (eml@msk.com)
Andrew F. Nietes (afn@msk.com)
437 Madison Avenue, 25th Floor
New York, New York 10022
Tel: (212) 509-3900

*Attorneys for Defendants Pandora Jewelry LLC and Pandora A/S*